UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHAN MARKOVICH, et. al.,

    Defendant.

_____/

**DEFENDANT JONATHAN MARKOVICH'S MOTION TO SEVER BANK FRAUD COUNTS (COUNTS 34 AND 35) AND INCORPORATED MEMORANDUM OF LAW**

Defendant Jonathan Markovich ("J. Markovich" or "Mr. Markovich") through undersigned counsel hereby files his Motion to Sever Bank Fraud Counts (Counts 34-35) of the Indictment and Incorporated Memorandum of Law pursuant to Federal Rules of Criminal Procedure 8(a) and 14. In support, J. Markovich states as follows:

### I. Introduction

The Government has charged J. Markovich with a variety of acts of misconduct, all relating to his alleged improper operation of substance abuse treatment facilities. J. Markovich is also charged with two counts of fraudulently applying for PPP loans. These bank fraud counts are not of the same character, do not arise out of the same act or transaction, and are not connected with the other counts. Their inclusion in this case also prejudices J. Markovich. Therefore, the bank fraud counts should be severed and tried separately.

### II. Procedural Posture

The Complaint herein was filed on September 25, 2020. J. Markovich was arrested and appeared to answer the Complaint on September 30, 2020. On October 28 and 29, 2020, the Court

conducted a preliminary hearing in this matter. The Indictment was filed on January 20, 2021.

### III. Legal Standard

"A defendant's seeking of separate trials for different counts in an indictment requires a two-part analysis. . . . First, a court must consider whether joinder of charges is proper under Rule 8(a), Fed. R. Crim. P. . . . If so, the court must determine whether compelling prejudice will result from a trial of the joined counts, thereby requiring severance." *United States v. Charlestain*, 2012 WL 13186044, at *2 (S.D. Fla. June 18, 2012) (Rosenbaum, M.J.) (citing *United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002)).

Pursuant to Federal Rule of Criminal Procedure 8(a), "[j]oinder of offenses is proper where they 'are of the same or similar character . . . or are connected with or constitute parts of a common scheme or plan.'" *United States v. Barsoum*, 763 F.3d 1321, 1336 (11th Cir. 2014) (quoting Fed. R. Crim. P. 8(a)); *see also United States v. Martinez Canas*, 595 F.2d 73, 78 (1st Cir. 1979) (Fed. R. Crim. P. 8(a) prohibits "the joining in a single count of two or more distinct and separate offenses.").

Federal Rule of Criminal Procedure 14(a) "provides relief from prejudicial joinder by permitting the district court to order separate trials of counts "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." *United States v. Pearson*, 832 F. App'x 679, 685 (11th Cir. 2020) (quoting Fed. R. Crim. P. 14(a)); *see also United States v. Nelson*, 2011 WL 1560587, at *3 (M.D. Fla. Apr. 25, 2011) (Corrigan, J.) (severing counts pursuant to Rule 14 because "the government did not allege that the events forming the [severed] counts were part of the larger conspiracy and its arguments as to why the entirety of evidence about the [severed] counts would be necessary to 'tell the story' of the other charges [we]re unconvincing").

124872516.1

### IV. Argument

Counts 34 and 35 charge bank fraud offenses.  The gravamen of these offenses is the allegation that two PPP loan applications were submitted by J. Markovich to banks and that Mr. Markovich wrongly failed to tell the banks that the application entities (i.e. Compass Detox and WAR) were engaged in violations of law.  These applications were one-time events, submitted on April 24, 2020.

The rest of the Government's indictment describes an array of alleged criminal offenses that have nothing to do with bank fraud and nothing to do with the PPP loans themselves.  Most of the other charges are continuing offenses spanning more than three and a half years.  Count 1's healthcare fraud allegations have nothing to do with PPP loans.  Nor do the substantive Counts 2-9.  Count 10's kickback allegations likewise do not relate to the PPP loans.  Nor do the substantive counts that follow.  The same is true as to Count 24-33 and the money-laundering charges.

Counts 34 and 35 are simply not of the same or similar character or part of a common plan or based on the same transaction as all the other counts of the Indictment.  Respectfully, these two counts were misjoined under Rule 8.

In addition, inclusion of these counts with the other counts of the Indictment is unfairly prejudicial under Rule 14.  A "mini-trial" about PPP loans and the loan process is unnecessary and improper, and will elongate an already complicated case.  Other PPP fraud cases are receiving publicity and will be going to trial over the next many months.  The idea that the Paycheck Protection Program was somehow taken advantage of by J. Markovich simply does not belong in this healthcare fraud prosecution.  These counts should be severed.

## V. Conclusion

For the foregoing reasons, Counts 34 and 35 of the Indictment should be severed.

## RULE 88.9 CERTIFICATION

Undersigned understands that Government counsel opposes this motion.

Respectfully submitted,

Dated: March 10, 2021

*s/ Michael Pasano*
Michael S. Pasano (FBN 475947)
E-mail: mpasano@carltonfields.com
CARLTON FIELDS
700 N.W. 1st Avenue, Suite 41200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
*Attorney for Defendant Jonathan Markovich*

124872516.1