UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JONATHAN MARKOVICH, et. al.,

    Defendant.
    _____/

### JONATHAN MARKOVICH'S OMNIBUS REPLY IN SUPPORT OF HIS MOTIONS TO DISMISS, TO STRIKE, AND TO SEVER

Defendant Jonathan Markovich ("Mr. Markovich") through counsel, responds as follows to the Government's Oppositions to his motion to dismiss and/or strike (D.E. 157) and to his motion to sever (D.E. 158).

### I. Motion to Dismiss

Rule 7(c) Fed R. Crim. P, requires a "plain, concise and definite written statement of the essential facts constituting the offense charged". Government counsel conflates this requirement into a general proposition that it is good enough to track the statutory language of the offenses charged. This might be true in a simple one defendant case where a singular act forms the basis of the charges. Here, however, the Government has chosen to bring an array of charges against multiple individuals covering a span of several years. The Government pleading seems to blame the Defendants for its charging choices. This is akin to the defense lawyer asking a prosecutor what the defendant did to be charged and the prosecution replying "ask your client".

Under Rule 7(c) and due process, this is simply not good enough. The prosecutors here point to a preliminary hearing that occurred while ignoring that when asked, the Federal Agent

could not identify evidence of specific misconduct by Mr. Markovich. The prosecutors also point to the mountain of discovery being produced in this case, as if the direction to "go fish" is adequate to satisfy Rule 7(c).

Reading the Government opposition, it appears that Mr. Markovich's crime is being "an owner and operator of Compass Detox and WAR". The Government makes general allegations against Mr. Markovich but none that give him adequate notice of the specific acts with which he is charged in order for him to have the fair opportunity to defend himself.

It is for these reasons that the Indictment as to Mr. Markovich is unduly vague and should be dismissed.

## II.  Motion to Strike

Rule 7(d) Fed R. Crim. P. allows a court to strike surplusage. The Government assumes that evidence regarding addiction guidelines and controlled substance rules will be admitted at trial. The Government assumes the same as to the inflated so-called loss amount set out in the Indictment. The Government's position is premature. As it stands, both the introductory language of the Indictment and its reference to a specific alleged loss amount are surplusage that is prejudicial to Mr. Markovich and should be stricken.

## III.  Motion to Sever

The Government defends its choice to include separate and specific alleged acts by Mr. Markovich in applying for a loan under the Paycheck Protection Program in this Indictment, even though those acts are not similar to or connected to or arise out of the alleged schemes otherwise charged in the Indictment. This choice violates Rule 8(a), Fed R. Crim. P. as well as offends Rule 14, Fed R. Crim. P. The Government points to judicial economy and its own ease of prosecution. These reasons are insufficient. Counts 34 and 35 should be severed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 25, 2021 | *s/ Michael Pasano*<br>Michael S. Pasano (FBN 475947)<br>E-mail: mpasano@carltonfields.com<br>CARLTON FIELDS<br>700 N.W. 1st Avenue, Suite 41200<br>Miami, Florida 33136-4118<br>Telephone: (305) 530-0050<br>*Attorney for Defendant Jonathan Markovich* |