UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff

vs.

JONATHAN MARKOVICH,
RICHARD WASERSTEIN,
DANIEL MARKOVICH,
CHRISTOPHER GARNTO,
JOSE SANTEIRO,
DREW LIEBERMAN,
MARIO KUSTURA, and
FRANK BOSCH, JR.,

        Defendants.

## ORDER

THIS CAUSE is before the Court on Defendant Jonathan Markovich's March 10, 2021 Omnibus Motion to Dismiss and/or Strike [DE-157]. The Court has considered the Government's March 23, 2021 Opposition [DE-162] and Defendant's March 25, 2021 Reply [DE-164], and finds as follows:

Eight (8) defendants were indicted on January 19, 2021; J. Markovich was charged with Conspiracy to Commit Health Care Fraud and Wire Fraud; eight (8) counts of Health Care Fraud; Conspiracy to Pay and Receive Kickbacks; Paying and Offering Kickbacks; Receiving Kickbacks; Conspiracy to Commit Money Laundering; eight (8) counts of Money Laundering; and two (2) counts of Bank Fraud. [DE-110]. It appears that the allegations in these counts track the underlying statutory language for each alleged violation and allege all elements of each charge. Defendant contends that the indictment is vague in violation of Rule 7(c), Fed. R. Cr. P.;

he contends that it does not explain what "caused" means. Defendant also complains that the indictment is duplicitous in violation of Rule 8(a), Fed. R. Cr. P.; finally, he complains that the indictment contains prejudicial surplusage in violation of Rule 7(d), Fed. R. Cr. P.

## VAGUENESS

The indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "An indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007)); see also *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1998) ("[A]n indictment [is] sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."). Here, the Indictment sufficiently apprises the Defendant of what he is charged with. For example, as to Count One, the Indictment's Manner and Means section includes specific allegations of the Defendant's involvement in the health care and wire fraud conspiracies [DE-110, ¶¶ 4,5,7,8,13,14,15,16,17,19,20,22,24,26,28, and 29]. As to Count Ten, Conspiracy to Pay and Receive Kickbacks, overt acts are charged in paragraphs 2 and 12. The Conspiracy to Commit Money Laundering fails to allege specifics, but the individual money laundering counts do. No violation of Rule 7(c) or due process has been shown *see, U.S. v. Bynes,* 2019 WL 4635587 (S.D. Ga. 2019) *adopted,* 2019 WL 4734598 (S.D. Ga. 2019).

## DUPLICITOUS

A count is duplicitous if it charges two or more "separate and distinct" offenses. *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989); *see also United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982) ("The error of duplicity is present where more than a single crime is charged in one count of an indictment."). Rule 7(c)(1) expressly permits a single count to allege that an offense was committed by "one or more specified means*." See also United States v. Burton,* 871 F.2d 1566, 1573 (11th Cir. 1989) ("Where a penal statute ... prescribes several alternative ways in which the statute may be violated and each is subject to the same punishment, however, the indictment may charge any or all of the acts conjunctively, in a single count, as constituting the same offense."). "The conjunctive allegations do not render the indictment duplicitous." *Id.* Moreover, "[w]hether a single conspiracy or multiple conspiracies existed is a question of fact for the jury . . . ." *United States v. Elam*, 678 F.2d 1234, 1245 (5th Cir. 1982). A limiting instruction can cure any potential prejudice to the Defendant. *U.S. v. Yielding,* 657 F. 3d 688, 703 (8th Cir. 2011) *cert. denied,* 565 U.S. 1262 (2012), *see also, U.S. v. Robinson,* 627 F. 3d 941, 958 (4th Cir. 2010); *U.S. v. Youn,* 2015 WL 6693714 *8 (N.D. Ga. 2015). Special verdict forms can be used *U.S. v. Starks,* 472 F. 3d 466, 471 (7th Cir. 2006). No error is shown.

## SURPLUSAGE

"Upon the defendant's motion, the court may strike surplusage from the indictment." Fed. R. Crim. P. 7(d). "Rule 7(d) is strictly construed against striking surplusage." *United States v. Williams*, 2008 WL 4867748, at *3 (S.D. Fla. Nov. 10, 2008). "A motion to strike surplusage from an indictment should not be granted unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. . . . [T]his is a most exacting standard." *United*

*States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). Here, Defendant complains about allegations regarding addiction guidelines and controlled substance rules; he also contends that the loss amount alleged in the Indictment is over-inflated. If those allegations are not supported by evidence during the trial, defendant can request that the Indictment be redacted before it is sent back with the jury during deliberations. *See, U.S. v. Perez,* 673 F. 3d 667, 669-70 (7th Cir. 2012); *U.S. v. Jackson*, 860 F. 3d 438, 448-49 (7th Cir. 2017). Although the Court often reads the Indictment to the jury during jury selection, here, the Court will likely paraphrase the forty-two (42) page Indictment rather than read it word-for-word. Defendant may request that the complained about "surplusage" not be read to the jury at that time.

Wherefore, Defendant's Motion to Dismiss and/or Strike [DE-157] is **DENIED**.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of April, 2021.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record