UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JONATHAN MARKOVICH, et. al.,

     Defendant.

_____/

**DEFENDANT, JONATHAN MARKOVICH'S**
**<u>PROPOSED JURY INSTRUCTIONS</u>**

For the convenience of the Court, text of standard instructions has been included where appropriate. Eleventh Circuit Pattern instructions are indicated by the number in the title. In addition, Mr. Markovich asks that the Court provide to the jury the following Eleventh Circuit Pattern Jury Instructions: Basic and Special Instructions B2.1, B3, B4, B5, B6.1 and/or B6.2, B7, B8.1, B9.1A, B10.4, B11, S1.1, S1.2, S1.3, S4.1, S12, O13.3 Lastly, Mr. Markovich reserves his right to supplement these proposed instructions and/or substitute other proposed instructions up to the conclusion of the trial, including providing a proposed Defendant's "theory of defense" instruction.

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1**

**Reasonable Doubt**

Every fact which is essential to prove an element of the offense must be proved beyond a reasonable doubt.

*Source*: *Fiore v. White*, 531 U.S. 225 (2001) (the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that defendant is entitled to jury determination that he is guilty of every element of crime with which he is charged, beyond reasonable doubt and defendant has right to have jury verdict based on proof beyond reasonable doubt.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2**

**Presumption of Innocence**

The presumption of innocence requires the prosecution to prove beyond a reasonable doubt each element and every essential fact necessary to prove the charged crime.

*Source*: *Fiore v. White*, 531 U.S. 225 (2001) (the Due Process Clause of the Fourteenth Amendment forbids a State to convict a person of a crime without proving the elements of that crime beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that defendant is entitled to jury determination that he is guilty of every element of crime with which he is charged, beyond reasonable doubt and defendant has right to have jury verdict based on proof beyond reasonable doubt.); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged.)

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

Counts 1, 10 and 24 of the Indictment charge conspiracy offenses under the law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes. The essence of a conspiracy offense is the making of the agreement itself, followed by the commission of an overt act. It is the Government's burden to establish that Jonathan Markovich knowingly and willfully entered into the unlawful agreement alleged.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Instead, there must be proof beyond a reasonable doubt that the Defendant in question and a co-conspirator together both had "knowledge of the overall scheme" and "the essential nature of the plan."

Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator. And while a Defendant's participation in a conspiracy may be established through circumstantial evidence, membership in a conspiracy cannot be made out by piling inference upon inference.

*Source:* ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL), Offense Instruction O13.6; *United States v. Chandler*, 376 F.3d 1303, 1316, 2004 WL 1597965 at *13 (11th Cir. 2004) (both co-conspirators must have knowledge of plan); *Direct Sales Co. v. United States*, 319 U.S. 703, 711 (1943) (charges of conspiracy are not to be made out by piling inference upon inference); *United States v. Cotton*, 770 F.2d 940, 943-44 (11th Cir. 1985) (each link in inferential chain must be clearly proven).

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**O13.3. Multiple Conspiracies**

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.

 So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

*Source:* ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL), Offense Instruction O13.3; *United States v. Diecidue*, 603 F.2d 535, 548-49 (5th Cir. 1979).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Wire Fraud/Healthcare Fraud

Deception alone does not constitute a scheme to defraud.  The Government must prove that Jonathan Markovich intended to cause injury or loss.

*Source*: Eleventh Circuit Pattern Jury Instructions O51, notes: *United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir. 2016)

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6**

**18 USC § 220a**

While a kickback under this Statute refers to any remuneration in cash or kind in return for referring a patient or patronage to a recovery or treatment facility or for services in connection with that facility, this remuneration must be material. Moreover the law provides that certain forms of remuneration qualify as "safe harbors" that are not in violation of the kickback laws.

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7**

**18 USC § 1956(h) and 1957**

In order to convict Jonathan Markovich of money-laundering offenses, the Government must prove that Jonathan Markovich knew that the purpose of the financial transactions was to conceal or disguise the illicit funds' nature, location, source, ownership and control.

Moreover, ordinary banking transactions involving illicit funds do not, in and of themselves, constitute money laundering.

*Cuellar v. United States*, 128 S. Ct. 1994 (2008)

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8**

**18 USC § 1344**

In the context of a bank fraud charge, to act with intent to defraud means to act knowingly and with the specific purpose to use false or fraudulent pretenses, representations or promises to cause injury or loss.  Proving intent to deceive alone, without the intent to cause injury of loss, is not sufficient to prove bank fraud.  Moreover, deception alone does not constitute a scheme to defraud.

*Source*: ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS O52; *United States v. Takholov*, 827 F.3d 1307, 1315 (11th Cir. 2016)

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9**

**Circumstantial Evidence**

Each fact which is essential to complete a set of circumstances necessary to establish a defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

*Source*: *In re Winship*, 397 U.S. 358 (1970) (The court found that the government must prove beyond a reasonable doubt every element of a charged offense); *Bowen v. Kemp*, 832 F.2d 546 (11th Cir. 1987) (The court stated that the Due Process Clause of the Fourteenth Amendment protects against the conviction of an accused except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged).

125548635.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

**Knowingly — Willfully**

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

*Source*: ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL), Basic Instruction B9.1A; *United States v. Diecidue*, 603 F.2d 535, 548 (5th Cir. 1979) (approved the instruction).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11**

**Negligence Distinct from Willfulness**

Mere negligence, even gross negligence, is not sufficient to constitute willfulness.

*Source*: *United States v. Callahan*, 588 F.2d 1078 (5th Cir. 1979); *United States v. Ruffin*, 575 F.2d 346 (2d Cir. 1978); *United States v. Pomponio*, 429 U.S. 10 (1976).

12

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12**

**Specific Intent**

The crimes charged in this case requires proof of specific intent before a defendant can be convicted.  Specific intent, as the term implies, means more than general intent to commit the act.  To establish specific intent the government must prove that defendant knowingly did an act which the law forbids, or knowingly failed to do an act which the law requires, purposely intending to violate the law.  Such intent may be determined from all the facts and circumstances surrounding the case.

*Source*: *Bryan v. United States*, 524 U.S. 184 (1998), *United States v. Gypsum Co.*, 438 U.S. 422 (1978).

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13**

**SI 17. Good Faith Defense**

Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with willfulness, which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant have no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent as charged in the indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

*Source*:   ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) (2010), Special Instruction 17 (modified); *United States v. Brown* , 79 F. 3d 1550, 1557 (11th Cir. 1996).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14**

**S 12. Character Evidence**

Evidence of a Defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

*Source:* ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL), Special Instruction S12.

125548635.1

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15**

**Summaries and Summary Witnesses**

There has been testimony from summary witnesses at this trial and the Court permitted this testimony in order to make the other evidence more meaningful and to aid you in considering the evidence. Such testimony is no better than the books, records and other documents upon which the summary witness based his/her summary and is not independent evidence. Therefore, you are to give no greater consideration to a summary witness than you would give to the evidence upon which that testimony is based.

It is for you to decide whether the charts or summary testimony offered by a summary witness correctly presented the information contained in the documents on which they were based, and what, if any, weight to give such evidence.

*Source*: *United States v. Johnson*, 319 U.S. 503 (1943); *United States v. Spaulding*, 293 U.S. 498, 506 (1935).

125548635.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**

**Misunderstanding of Facts**

An honest mistake of fact is a complete defense to the charges because it is inconsistent with the existence of willfulness, which is an essential part of each offense charged. Such an honest mistake negates the criminal intent of a defendant when the defendant's acts would be lawful, if the facts were as he supposed them to be. If the Defendant's actions are based on his honest belief that he was acting lawfully, he is not chargeable with willful criminal conduct, even if his belief was erroneous or mistaken. The burden of proof is not on the Defendant to prove his honest belief of a mistaken fact, since he had no burden to prove anything. Therefore, if you have a reasonable doubt as to whether the Defendant acted in good faith, then he did not intentionally violate a known legal duty and did not act "willfully," and that essential part of the offense has not been established.

*Source: United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995)

125548635.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

**Civil/Regulatory Violations**

Proof of civil and/or regulatory violations or acts relating to contractual obligations and administrative rules at either Compass Detox or WAR is <u>not</u> evidence of a crime and cannot and should not be used as such.

*Source*: *United States v. Stefan*, 784 F.2d 1093 (11th Cir. 1986).

125548635.1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**

**Defendant Jonathan Markovich's Theory of Defense**

[TO BE INSERTED]

*Source:   United States v. Ryan*, 289 F.3d 1339 (11th Cir. 2002) (The court stated that it is elementary law that the defendant in a criminal case is entitled to have presented instructions relating to a theory of defense).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

**Limits of Pinkerton Instruction**

There are limits to the notion that if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a co-conspirator may be guilty of the crime even though the coconspirator did not participate directly in the crime.

Criminal liability under this notion does not exist if the crime fell outside the scope of the alleged unlawful project, or if it was merely a part of the ramifications of the plan which could not be reasonably foreseen as a necessary or natural consequence of the alleged unlawful agreement.

A defendant cannot be held criminally liable under this notion for crimes committed by members of the conspiracy before that Defendant joined the conspiracy.

Criminal liability also does not exist for those who played only a minor role in the conspiracy, or who did not have some actual knowledge of some of the circumstances culminating in the reasonably foreseeable crime.

And of course, no liability exists until and unless you as jurors find that a defendant did in fact knowingly and willfully join the alleged conspiracy.

*Source: United States v. Broadwell,* 870 F.2D 594, 604 (11th Cir. 1989); *United States v. Clavis,* 956 F.2d 1079, 1087 (11th Cir. 1992)

125548635.1

Respectfully submitted,

Dated: July 23, 2021

*s/ Michael Pasano*
Michael S. Pasano (FBN 475947)
E-mail: mpasano@carltonfields.com
CARLTON FIELDS
700 N.W. 1st Avenue, Suite 41200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
*Attorney for Defendant Jonathan Markovich*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Michael S. Pasano*
Michael S. Pasano

125548635.1