UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

vs.

JONATHAN MARKOVICH, et al.,

        Defendants.

_____/

**UNITED STATES' THIRD RESPONSE TO THE STANDING DISCOVERY ORDER**

On September 28, September 29, September 30, and October 2, 2020, Judge Hunt conducted initial appearances for Defendants Jonathan Markovich, Richard Waserstein, Daniel Markovich, Christopher Garnto, Dr. Drew Lieberman, Dr. Jose Santeiro, Mario Kustura, and Frank Bosch, and entered a paperless Standing Discovery Order as to these defendants. [D.E. 6, 10, 17, 18, 19, 20, 23, 24.] All eight defendants subsequently were arraigned on February 8 and 10, 2021 by Judge Snow and March 1, 2021 by Judge Strauss, and the Standing Discovery Order was re-entered as to these defendants. [D.E. 124, 137, 138, 139, 140, 142, 143, 151.]

In response, the United States filed its First Response to the Standing Discovery Order on October 13, 2020, and its Second Response to the Standing Discovery Order on March 25, 2021. [D.E. 46, 166.] The United States hereby files its Third Response to the Standing Discovery Order, which complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

In sum, the United States has produced just under 2.1 million pages of documents, along with numerous natively produced records, over the course of twenty rolling productions. Within the last month, the United States has focused its efforts on highlighting for the defense the specific files, particularly from patient files (which are voluminous) and cell phone records, that the

Government may seek to use at trial. Accordingly, the vast majority of the Government's recent discovery productions consist of excerpts from records that the defense already has, including records that the defense has had in its possession since December 2020. This follows Daniel Markovich's motion to compel the Government to go far beyond its *Brady* and Rule 16 obligations [D.E. 233], as well as Jonathan Markovich's motion for a pre-trial scheduling order requiring the reciprocal production of exhibit lists 10 days before trial.

In keeping with the schedule set by the Court and the defendants, the Government provided its updated exhibit list and witness list to the defense on September 3, 2021. The defense has also been provided with all of the underlying documents that the Government identifies on its exhibit list. The Government previously received a witness and exhibit list from Daniel Markovich, and a witness list from Jonathan Markovich. The Government has received no Rule 16 discovery from either Markovich, nor has the Government received an exhibit list (other than a list of abstract document categories) from Jonathan Markovich. Based on ongoing discussions with defense counsel, the Government is confident that Jonathan Markovich will provide an updated exhibit list shortly, with far more detail than its previous one, but the Government has yet to receive it.

**I.     THE GOVERNMENT'S DISCOVERY PRODUCTIONS TO DATE.**

Due to the complexity of discovery in this matter, the Government has been producing discovery on a rolling basis. Since the time of the Government's First Response to the Standing Discovery Order, the Government has produced approximately 2,095,368 pages of documents, as well as excel files with thousands of lines of insurance billing data, four online portals containing patient files, and other native records.

The Government has made the following discovery productions:

| PRODUCTION DATE | TOTAL PAGES | DESCRIPTION OF PRODUCTION |
|---|---|---|
| 12/17/2020 | 359,567 | <ul><li>The defendants' criminal histories;</li><li>Voluminous financial records;</li><li>Payroll records;</li><li>Call detail records for various defendants and individuals related to the case;</li><li>Ride-share data;</li><li>Police reports;</li><li>Flight and travel records;</li><li>Voluminous insurance billing data and enrollment records;</li><li>Addiction treatment licensing paperwork;</li><li>Patient files, including PDF patient files and four interactive web portals;</li><li>Multiple Facebook accounts and corresponding data;</li><li>Prescription drug monitoring data;</li><li>Open source materials, such as key filings in a civil litigation, Florida Secretary of State records, and website and social media screenshots; and</li><li>Text messages provided by certain witnesses and cell phone extracts.</li></ul> |
| 3/1/2021 | 6,335 | <ul><li>15 additional subpoena returns, including financial records, deposition transcripts, flight records, and police reports;</li><li>Dozens of interview reports prepared by law enforcement, as well as numerous surveillance reports; and</li><li>An additional cell phone extract.</li></ul> |
| 3/25/2021 | 20,557 | <ul><li>Several additional subpoena returns;</li><li>Additional reports of interview;</li><li>CV of the Government's medical expert; and</li><li>Grand jury transcript, produced at one defendant's request.</li></ul> |

| PRODUCTION DATE | TOTAL PAGES | DESCRIPTION OF PRODUCTION |
|---|---|---|
| 5/18/2021 | 8,073 | • Additional interview reports prepared by law enforcement as well as incident reports;<br>• Photos, DCF information; and<br>• 10 additional subpoena returns, including voluminous information and patient files pertaining to chiropractic services at issue in this case. |
| 5/26/2021 | 1,553,265 | • Emails and documents provided by Compass Detox and WAR. |
| 6/11/2021 | 515 | • Additional interview reports prepared by law enforcement;<br>• Title 42 orders and affidavits; and<br>• Search warrants and affidavits. |
| 6/24/2021 | 4,387 | • Registration documents from insurers;<br>• Certified corporate records;<br>• Photos of the "comfort drink" and related incidents;<br>• Compass Detox & WAR's policies and procedures; |
| 7/9/2021 | N/A (natively produced) | • Garnto cell phone extract. |
| 7/9/2021 | 4,716 | • Expert report, transcripts, and additional information requested by Markoviches (which had been previously provided to the Markoviches);<br>•<br>• Insurance reimbursement policies;<br>• Files provided by witnesses;<br>• Blog posts from Compass Detox's website;<br>• Two additional subpoena returns;<br>• Additional subpoena returns; and |
|  |  | • Additional interview reports prepared by law enforcement. |

| PRODUCTION DATE | TOTAL PAGES | DESCRIPTION OF PRODUCTION |
|---|---|---|
| 7/14/2021 | 715 | <ul><li>Reproduction of a cell phone;</li><li>Messages provided by Christopher Garnto;</li><li>Additional reports of interview prepared by law enforcement; and</li><li>An additional subpoena return.</li></ul> |
| 7/16/2021 | N/A (natively produced) | Bakhshi cell phone extract. |
| 7/19/2021 | 904 | <ul><li>Additional reports of interview;</li><li>Mortgage documents provided by Garnto;</li><li>Plea agreement and factual proffer for Mario Kustura;</li><li>Certified pharmacy license for Compass Detox; and</li><li>Re-production of patient's cell phone extract.</li></ul> |
| 7/22/2021 | 102,628 | <ul><li>Additional subpoena returns;</li><li>Additional reports of interview;</li><li>Photos of Compass/WAR; and</li><li>Excerpts from the voluminous patient files previously produced that the Government may use at trial, to assist the defense in preparing for the expert's or other witnesses' testimony. (This accounts for the vast majority of the production.)</li></ul> |
| 7/23/2021 | N/A (natively produced) | <ul><li>Garnto – second cell phone extract</li></ul> |
| 7/24/2021 | 292 | <ul><li>Additional insurance records;</li><li>Materials from Mario Kustura;</li><li>Additional subpoena returns;</li><li>Excerpts from previously produced patient files that the Government may use at trial, to assist the defense in preparing;</li><li>Additional reports of interview; and</li><li>Excerpts from Bakhshi's cell phone which the Government may use at trial.</li></ul> |

| PRODUCTION DATE | TOTAL PAGES | DESCRIPTION OF PRODUCTION |
|---|---|---|
| 7/28/2021 | 1,463 | <ul><li>Additional reports of interview;</li><li>Documents from Mario Kustura;</li><li>Potential <u>Giglio</u> and <u>Jencks</u> information, including recordings of cooperators, NCIC's, and prior testimony of several anticipated Government witnesses.</li></ul> |
| 8/6/2021 | 13,751 | <ul><li>Excerpts from Garnto's phone that the Government may seek to use at trial;</li><li>Additional materials from Dr. Clark;</li><li>Excerpts from previously produced patient files that the Government may use at trial, to assist the defense in preparing;</li><li>Draft analyses conducted by the Government's consultant; and</li><li>Additional subpoena returns.</li></ul> |
| 8/16/2021 | 151 | <ul><li>Excerpts from previously produced patient files that the Government may use at trial, to assist the defense in preparing;</li><li>Excerpts from Garnto's phone that the Government may seek to use at trial;</li><li>Cross-referenced billing data that the defense requested;</li><li>Potential *Giglio* information on the Government's cooperating witnesses.</li></ul> |
| 8/27/2021 | 721 | <ul><li>Potential *Giglio* information on one of the Government's cooperating witnesses;</li><li>Additional reports of interview;</li><li>Excerpts from previously produced patient files that the Government may use at trial, to assist the defense in preparing;</li><li>An early production of transcripts the Government may seek to use in trial (due under the Court's scheduling order 10 days before trial); and</li><li>A one-page text message provided by a potential witness.</li></ul> |

| PRODUCTION DATE | TOTAL PAGES | DESCRIPTION OF PRODUCTION |
|---|---|---|
| 9/5/2021 | 17,319 | • Excerpts from previously produced patient files that the Government may use at trial, to assist the defense in preparing;<br>• Excerpts from Garnto's phone that the Government may seek to use at trial, as well as excerpts that contain potentially exculpatory information;<br>• Additional reports of interview;<br>• Additional insurance records;<br>• Information provided by Mario Kustura, obtained following defense requests for metadata; and<br>• Public documents reviewed by one of the Government's witnesses in advance of trial. |

In addition, the Government disclosed the following information about its medical expert witness, Dr. Kelly Clark:

- September 25, 2020: Criminal complaint containing multiple pages describing Dr. Clark's background and qualifications, case citations for substance abuse treatment fraud cases in which she has testified, and summary of opinions.

- March 25, 2021: Dr. Clark's CV.

- June 11, 2021: Two expert reports (15-page pre-Complaint report; 35-page pre-trial expert report); detailed summary filed on docket of Dr. Clark's opinions as well as scope of testimony of additional potential Government witnesses; transcripts of Dr. Clark's prior testimony in two recent addiction treatment fraud trials and a *Daubert* hearing; names of patients that Dr. Clark evaluated in her report.

- June 25, 2021: Per Defendant's inquiry, an explanation of the Government's understanding of Dr. Clark's involvement (or, in reality, lack thereof) in conduct potentially underlying Clean Slate's settlement with the United States Attorney's Office in Massachusetts.

- June 30, 2021: Transcript of recent trial in which Dr. Clark testified against the Government, as well as the expert notice of Dr. Clark in that case; documents where Dr. Clark is mentioned in a filing pertaining to a *qui tam* civil lawsuit involving Clean Slate, including publicly available documents.

The Government is mindful of the volume of discovery in this matter, the complexity of the allegations, and the pace at which some of the Defendants have elected to proceed to trial. In light of these considerations, the Government has taken additional efforts to facilitate the Defendants' review of this material. The vast majority of the records produced in discovery are records that were maintained by Compass Detox and WAR. The discovery productions have been organized in clearly labeled file folders, making it easy to identify and access certain types of records. The Government has provided indices corresponding to each production. And the most voluminous records (along with the majority of other records) are readily searchable, including the patient files and emails. Most importantly, over the course of the last month, the Government has pinpointed for the defense specific documents from the patient records and cell phones which the Government may use at trial. This should materially assist the Defendants in preparing for trial.

Furthermore, the Government has, on multiple occasions, provided letters to the defense identifying what the Government believes to be potentially exculpatory information.

In addition, the Government has produced in various productions potential *Giglio* information, and has also provided follow-up letters dated August 27, 2021 and September 6, 2021, elaborating on information contained in the underlying discovery production or information contained on the public record.

Finally, the Government continues to produce discovery to Defendants as it becomes available to the Government, including additional interview reports and documents provided by cooperators or other witnesses. The Government also continues to pinpoint specific patient files that may be discussed in depth at trial, even though the Court previously rejected the Defendants' motion to compel the Government to identify every patient that may be discussed at trial. And the Government's investigation is ongoing and will continue through the September 13th trial and at

least until the February 2021 trial. The Government anticipates making additional discovery productions on a rolling basis and subject to the Protective Order. The United States is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady, Giglio, Napue*, and the obligation to ensure a fair trial.

## II. STATUS OF RECRIPROCAL DISCLOSURES.

To date, the Government has received no reciprocal disclosures from any defendant. The United States reiterates its request from its First Response to the Standing Discovery Order [D.E. 46] for the disclosure and production of materials enumerated as items 1, 2, and 3 of section B of Local Rule 88.10. This request is made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

The United States requests the disclosure of any experts the defense intends to call at trial, as well as such experts' qualifications and any proposed opinions to be offered at trial.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the United States hereby demands Notice of Alibi defenses, if any exist; the approximate time, date, and place of the offenses are listed in the indictment.

Dated: September 7, 2021                    Respectfully submitted,

                                        JUAN ANTONIO GONZALEZ
                                        ACTING UNITED STATES ATTORNEY
                                        SOUTHERN DISTRICT OF FLORIDA

                                        JOSEPH S. BEEMSTERBOER, ACTING CHIEF
                                        CRIMINAL DIVISION, FRAUD SECTION
                                        U.S. DEPARTMENT OF JUSTICE

By:    */s/ James V. Hayes*
       JAMES V. HAYES
       Senior Litigation Counsel
       FL Special Bar No. A5501717
       JAMIE DE BOER
       Trial Attorney
       FL Special Bar No. A5502601
       United States Department of Justice
       Criminal Division, Fraud Section
       1400 New York Avenue, N.W.
       Washington, D.C. 20005
       Phone:  (202) 774-4276
       Email:  James.Hayes@usdoj.gov
       Email:  Jamie.deBoer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 7, 2021, I served and filed the forgoing document with the Clerk of the Court via ECF.

                              By:    */s/ James V. Hayes*