UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60020-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

       Defendants.
                                                  /

## MOTION IN *LIMINE* TO EXCLUDE 404(b) EVIDENCE

The Defendants, Jonathan Markovich and Daniel Markovich (collectively referred as the "Markoviches"), respectfully move this Court to exclude evidence that the government seeks to admit under Rule 404(b). Specifically, the government has identified Christopher GARNTO ("GARNTO") as its next witness, after Dr. Clark. GARNTO is the government's lead cooperator. Through GARNTO, Ms. DeBoer has identified over twenty-six (26) exhibits that she intends to introduce that are *entirely* related to either a completely different case, that is, the "Evoke" civil matter between Compass Detox and Evoke; or uncharged and unrelated bank fraud.

The Markoviches move to exclude the admission of such testimony and evidence on the following grounds: such evidence is irrelevant under Rule 401; inadmissible under Rule 404(b); and, even if relevant and otherwise admissible, simply a waste of the jury's time, confusing, and prejudicial under Rule 403.

**LEGAL STANDARD**

Under Rule 401, evidence is relevant if has any tendency to make a fact more or less probable than it would be without the evidence. In short, the testimony and exhibits submitted must relate to an issue before the jury. Under Rule 403, courts have discretion to exclude otherwise relevant evidence "if its probative value is substantially outweighed by . . . danger of . . . unfair prejudice, confusing the issues, or is misleading." "Unfair prejudice" occurs when there is "undue tendency to suggest decision on an improper basis, commonly, though, not necessarily, an emotional one." R. 403, Advisory Committee's Notes. As discussed below, any probative value of the Evoke litigation and/or the uncharged bank fraud is completely unrelated to the issues before this jury in the indictment, and, even if relevant, outweighed by the prejudice in this case. Simply put, is a complete waste of the jury's time at this juncture.

Even if the government attempts to categorize this evidence as alleged "bad acts" evidence offered to prove intent, motive, knowledge, plan, preparation, identify, absence of mistake, and opportunity – it fails. Rule 404(b) states that prior acts "may" be admissible to prove intent or knowledge. It does not state that it "is" automatically admissible. As explained in the Advisory Committee Notes to Rule 404(b), "[n]o mechanical solution is offered." In fact, the Advisory Committee rejected an automatic plug-in solution in favor of individualized determination by the trial judge. The Court must consider each 404(b) admissibility determination within the facts and circumstances of the case. It is a far stretch to argue that the evidence the government seeks to admit is valid Rule 404(b) evidence.

Moreover, it is widely accepted law that "bad" acts evidence that is simply propensity evidence is inadmissible. *See United States v. Cortijo-Diaz*, 875 F.2d 13, 15 (1st Cir. 1989) ("[W]e cannot over-emphasize the central principle for which this rule stands ... evidence of other acts is

not admissible to prove propensity ....") (emphasis in original)). As discussed below, the evidence the government seeks to offer serves no other purpose than to infer that the Markoviches had the propensity to commit the charged offenses, and should be excluded as improper propensity evidence.

## ARGUMENTS

*First*, with respect to the testimony regarding the Evoke litigation, this Court has already ruled that evidence related to that civil case is inadmissible, during Mario Kustura's direct examination (*see* 9/17/21 Transcript, 244:25 - 248:22, attached hereto as "Attachment A"). The government is now seeking to introduce this evidence through GARNTO, under the theory that Jonathan Markovich advised GARNTO (who, in turn, instructed Mr. Kustura) to elicit such material. However, again, this evidence is unrelated to the conspiracy charged, and importantly, improper as propensity evidence and prejudicial.

As the Markoviches advised the court, Compass Detox was involved in civil litigation against Evoke, which related to a non-compete contract and the poaching of patients by a disgruntled ex-employee. At the direction of an attorney, Daniel Foodman, the Markoviches sought witness and patient statements to advance their legal arguments. Indeed, in message exchanges between Jonathan Markovich and GARNTO, it is made clear that any conversation Jonathan Markovich had with GARNTO regarding this issue was at the direction of counsel. The conversation does not waive the attorney-client privilege (as it does not substantively discuss what advice Mr. Foodman rendered, or what Jonathan Markovich discussed with counsel), and Jonathan Markovich should not be placed in a position where he is forced to waive said privilege to defend himself on this wholly irrelevant litigation. It is a red-herring in this case, waste of time, and a distraction from the real matters at hand.

The government is also seeking to introduce recorded statements taken by an investigator hired by an attorney for use in the Evoke litigation. Again, these recordings, statements, and text messages the government is seeking to introduce are unrelated to this case. Moreover, they too were made at the direction of counsel, and through an investigator, who served, at the time, as part of the litigation team.

*Second,* the government is also seeking to introduce numerous exhibits related to a loan that GARNTO sought for a home he purchased from Richard Waserstein. The government seeks to introduce numerous emails, text messages, and bank statements as proof that the Markoviches somehow assisted GARNTO with bank fraud. This alleged bank fraud scheme is uncharged conduct, and does relate to the healthcare fraud conspiracy charged in the indictment. Moreover, such "bad acts" evidence, as it does not satisfy the baseline test set forth in Federal Rule of Evidence 403. *See United States v. Stubbs*, 944 F.2d 828, 836 (11th Cir. 1991) (the evidence must be relevant to an issue other than defendant's character; the probative value must not be substantially outweighed by its undue prejudice; and the government must offer sufficient proof so that the jury could find that defendant committed the act."); *see also United States v. Hogan*, 986 F.2d 1364. 1374 (11th Cir. 1993).

Moreover, the evidence sought to be introduced here has absolutely no connection to health care fraud, let alone this case. By attempting to inject this conduct (and essentially a new criminal charge that the Markoviches must be permitted to defend), the Government stretches the temporal limitations envisioned by Rule 404(b) beyond their limit. By their plain terms, intent, motive, knowledge, preparation, plan, and opportunity all encompass evidence of prior conduct which makes it more probable than not that a defendant intended to, knew about, planned, prepared for, had the opportunity to commit, or was motivated to committed the charged conduct.

4

Thus, evidence of the uncharged bank fraud, like the Evoke litigation, has no bearing whatsoever on whether the Markoviches intended to, planned, had knowledge of, prepared for, or possessed the opportunity to commit the charged conduct. Fairness dictates that this Court should exclude the subsequent bad acts evidence where, as here, the government can do without it. *United States v. Jones*, 28 F.3d 1574 (11th Cir. 1994), modified on other grounds, 74 F.3d 275 (11th Cir. 1996); *United States v. Pollack*, 926 F2d 1044 (11th Cir. 1991); *United States v. Hernandez*, 896 F.2d 513 (11th Cir. 1990).

Finally, permitting the government to introduce evidence regarding the Evoke litigation and the alleged uncharged bank fraud will also lead the trial to devolve into a series of mini-trials. For example, the Markoviches will have to undertake extensive cross-examination of these two unrelated topics, followed by detailed testimony and additional witnesses during any defense case to rebut this highly prejudicial evidence. All of this would consume substantial trial time, in a trial that is already scheduled to go beyond the government's original estimate. The Government has already advised the Court that it anticipates that its case-in-chief will take ***another three (3) weeks*** to present. Forcing the jury to listen to irrelevant evidence that has nothing to do with the issues at hand is a complete waste of everyone's time. Therefore, Rule 403's "major function of excluding matter of scant or cumulative probative force, dragged in . . . for the sake of its prejudicial effect . . . is required here." *See United States v. Utter*, 97 F.3d 509, 514-15 (11th Cir. 1996) (quotation marks and citations omitted).

## **CONCLUSION**

WHEREFORE, the Markoviches move this Court for an Order excluding evidence related to the Evoke litigation and the alleged uncharged bank fraud involving GARNTO, Richard

Waserstein and the Markoviches.

Dated: October 9, 2021

Respectfully submitted,

| | |
|---|---|
| *s/      Marissel Descalzo*     | *s/ Vanessa Singh Johannes*            |
| Marissel Descalzo (FBN 669318) | Vanessa Singh Johannes (FBN 1028744) |
| Email: mdescalzo@tachebronis.com | Email: VJohannes@carltonfields.com |
| Tache, Bronis, and Descalzo, P.A. | Michael S. Pasano (FBN 475947) |
| 150 S.E. 2 Ave., Suite 600 | E-mail: mpasano@carltonfields.com |
| Miami, FL 33131 | CARLTON FIELDS |
| Tel: 305-537-9565 | 700 N.W. 1st Avenue, Suite 1200 |
| *Counsel for Daniel Markovich* | Miami, Florida 33136-4118 |
| | Telephone: (305) 530-0050 |
| | *Counsel for Jonathan Markovich* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed this day via CM/ECF and served on all counsel of record appearing on CM/ECF on this 9th day of October, 2021.

By: */s/ Vanessa Singh Johannes*            
　　　Vanessa Johannes, Esq.