UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

           **Defendants.**
_____/

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN *LIMINE* TO STRIKE THE TESTIMONY OF DR. CLARK

The United States of America hereby opposes Defendants' Motion in *Limine* to Exclude the Testimony of Dr. Clark ("Motion"). [D.E. 325]. Dr. Clark's expert testimony to date was admissible and proper, based on its relevance, factual basis, and reliability. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). Dr. Clark has followed this Court's ruling, and has not provided any impermissible legal conclusions. This Court has upheld defense objections whenever Dr. Clark came even remotely close to doing so. Defendants' so-called examples of improper legal conclusions provided by Dr. Clark over their objections are, to put it charitably, nothing of the kind. Defendants have been on notice for months that Dr. Clark would testify beyond the basics of addiction treatment, and would comment about the medical appropriateness of the care provided to certain patients; the Government's detailed June 2020 expert disclosure [D.E. 202], and two separate expert reports, made this crystal clear. They did not object then, and they cannot credibly do so now.

Moreover, any confusion over civil regulations has already been dealt with by a prior

1

instruction given by this Court, which can be given again at the end of the case, or even now if the Court deems it necessary. In any case, preclusion or striking of Dr. Clark's testimony is too harsh a remedy when jury instructions can cure any problems Defendants complain about.

In her direct testimony, Dr. Clark defined the standard of care in addiction treatment, and then described how the patient care at Compass Detox and WAR that she saw described in patients' files she reviewed failed to meet it. Dr. Clark noted that the Policy and Procedures Manuals for Compass Detox and WAR, which were required by the State of Florida, outlined these same standards of care. Further, as Dr. Clark showed, these Manuals specifically stated that it was the Defendants' responsibility, as CEO's at Compass Detox,[1] to see that these standards of care were met through, among other things, the clinical staff (whom Defendants' hired, and stated that they would effectively monitor). Indeed, all Dr. Clark did was quote Defendants' own Policy and Procedure Manual for Compass Detox back to them. Dr. Clark is merely describing what each Defendant promised the state of Florida they would do, and how they failed to do it. Such testimony is damaging to Defendants, surely, and helps show their criminal intent, but it is not unduly prejudicial, nor is it anything close to an improper legal conclusion.

## LEGAL STANDARD

The admissibility of expert testimony principally depends upon its relevance, factual basis, and reliability. Fed. R. Evid. 702; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993). Expert testimony is relevant if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," *i.e.*, if it possesses "any tendency to make the existence of any fact

---

[1] As this Court is aware, and as the evidence in this case has shown, Defendants were only the CEO's of Compass Detox.

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. "A review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee notes).[2]

Under Daubert, a trial court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters [s]he intends to address; (2) the methodology by which the expert reaches [her] conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Moreover, as other district courts have noted, despite its gatekeeping function, it is not the trial court's role to "make conclusions about the persuasiveness of the expert's opinions." Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel, Ltd., 2013 WL 836807, at *2 (S.D. Fla. March 16, 2003). Thus, attacks upon the assumptions underlying an expert's opinion or study typically "go[] to the weight of the evidence rather than its admissibility." Rosenfeld v. Oceania Cruises, Inc., 654 F.3d 1190, 1193 (11th Cir. 2011).[3]

---

[2] Rule 702 requires the trial court to act as a "gatekeeper" to ensure that speculative and unreliable opinions do not reach the jury. Daubert, 509 U.S. at 589 n.7. The critical gatekeeping function "inherently requires the trial court to conduct an exacting analysis of the *foundations* of expert opinions to ensure they meet the standards for admissibility under Rule 702." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (emphasis in original).

[3] See also, e.g., Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) ("A district court's gatekeeper role under Daubert is not intended to supplant the adversary system or the role of the jury.") (quotation marks and citation omitted).

## ARGUMENT

It is beyond dispute that Dr. Clark's testimony will aid the jury in understanding key factual issues in this case. No layperson could be expected to know the differences between "detox" levels of care, and PHP, as Dr. Clark has explained. Defendants cannot plausibly argue against this. Dr. Clark is eminently qualified as an expert and her testimony is squarely relevant, and because of this she has been admitted and testified as an expert witness in addiction treatment in the only federal criminal cases dealing with substance abuse treatment that the Government is aware of to date. Defendants therefore cannot attack her qualifications.

Similarly, Dr. Clark's expert testimony about the nature and purpose of addiction treatment generally, and the proper standard of care for providing it, have provided a basis for the jury to evaluate the fraud allegations in this case. Her expert testimony on the proper use of prescription drug treatment, therapy sessions, and urine testing in addiction treatment, and her opinions on whether such services billed for by the Defendants through Compass Detox and WAR met this standard of care, will assist the jury in determining if health care fraud was committed. Thus, her expert testimony is necessary.

Defendants know all of this, and thus do not seriously attack Dr. Clark's qualifications, nor the relevance of her testimony, other than making strained arguments that the Markoviches are not doctors, and are therefore somehow not responsible for anything that happened at Compass Detox and WAR. Instead, Defendants argue that Dr. Clark has made impermissible legal conclusions. But she has not; and Defendants' Motion utterly fails.

### A. Dr. Clark Can Offer Her Opinions on the Standard of Care Applied to the Facts of This Case; Such Testimony is Not an Impermissible Legal Conclusion.

Dr. Clark has testified that, in her opinion, certain things done at Compass Detox and WAR were medically inappropriate, and fell short of the standard of care for addiction treatment that she spent hours outlining for the jury. This is not an impermissible legal conclusion. She is a medical expert, and a specialist in the field of addiction treatment. Her testimony about the standard of care in addiction treatment, and whether the treatment provided at Compass Detox and WAR failed to meet that standard, is not an impermissible legal conclusion, but is reliable and relevant opinion testimony about the ultimate issue of fact in this case (not law). As Rule 704(a) explicitly provides: "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).[4]

Dr. Clark's testimony goes to factual conclusions, not legal ones. The Eleventh Circuit has upheld similar medical expert testimony on the standard of care as applied to defendants' conduct and what it shows about their knowledge and intent, noting in a case dealing with allegations of improper distribution of controlled substances that it was entirely proper for a medical expert to testify "as to the appropriate standard of care in the medical field" and to give "her opinion that the prescriptions were written without any legitimate medical purpose" because "[c]riminal knowledge and intent are issues of fact, not law." United States v. Johnston, 322 F. App'x 660, 667 (11th Cir. 2009). In doing so, Johnston rejected the notion that an expert's

---

[4] Rule 704 makes clear that an expert may testify as to her opinion on an ultimate issue of fact under the Rules. Fed. R. Evid. 704. An expert may not, however, merely tell the jury what result to reach Id. (Committee Notes). Dr. Clark has not told the jury what result to reach; she has merely given them what they need to make a decision.

5

testimony about the standard of care constituted impermissible legal conclusions.  Id.  And the same is true here.   Dr. Clark explained the ways Compass Detox and WAR grossly deviated from the standards of care and practices in addiction treatment as she understands them.  These are factual issues about which the Government's expert is expressly allowed to opine.  She has not told the jury what result to reach, but rather provided them with the necessary factual context to help them understand the treatments provided by Compass Detox and WAR so they can decide this case.  The Government's other factual witnesses will describe each Defendants' knowledge of and level of involvement in the improper treatment and other conduct that Dr. Clark has described.  Dr. Clark has simply provided a baseline.

In addition, the Government notes that Dr. Clark has recently provided similar expert testimony in two other addiction treatment fraud criminal trials in this district, in much the same manner as in this case: United States v. Abovyan, et al., 18-CR-80122-MIDDLEBROOKS; and United States v. Ahmed, et al., Case No. 19-CR-60200-COHN.  She should be allowed to do the same here.

### B. A Jury Instruction Can Correct Any Problems Defendants Complain About.

Preclusion and striking of testimony are harsh remedies of last resort.[5]  Because anything Defendants complain about in Dr. Clark's expert testimony to date could be cured through jury instructions, the remedies they propose are far too drastic.  Seeming to know this full well, Defendants provide a jury instruction to the Court in their Motion; one that is far too long.  The

---

[5] In a different context, if a district court finds that the Government's expert Disclosures are insufficient under Rule 16, the proper remedy is supplementation, not exclusion. It is well-settled that, where a Court finds a violation of discovery obligations, it "should fashion the least severe sanction that will accomplish the desired result-prompt and full compliance with the court's discovery orders." See United States v. Euceda-Hernandez, 768 F.2d 1307, 1312 (11th Cir. 1985). Exclusion of expert testimony based on a Rule 16 violation is an extreme remedy that should be used only as a last resort.

Government respectfully suggests that the prior jury instruction given during Ms. Shayla Brown's testimony is more than sufficient. If the Court deems a more fulsome instruction Is necessary, the Government is happy to confer with defense counsel to craft an appropriate instruction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in *Limine* to Strike the Testimony of Dr. Clark should be denied.

Dated: October 11, 2021                                      Respectfully submitted,

                                                           JUAN ANTONIO GONZALEZ
                                                           ACTING UNITED STATES ATTORNEY
                                                           SOUTHERN DISTRICT OF FLORIDA

                                                           JOSEPH S. BEEMSTERBOER
                                                           ACTING CHIEF, FRAUD SECTION
                                                           CRIMINAL DIVISION
                                                           DEPARTMENT OF JUSTICE

By:    */s/ James V. Hayes*
           JAMES V. HAYES (FL Bar # A5501717)
           Senior Litigation Counsel
           JAMIE DE BOER (FL Bar #A5502601)
           Trial Attorney
           United States Department of Justice
           Criminal Division, Fraud Section
           1400 New York Avenue, N.W.
           Washington, D.C. 20005
           Telephone: (202) 774-4276
           James.Hayes@usdoj.gov
           Jamie.DeBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                                                    *James V. Hayes*