UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,              CASE NO.  21-60020-CR-DIMITROULEAS

    Plaintiff,

vs.

JONATHAN MARKOVICH,
and DANIEL MARKOVICH,

    Defendants.
_____/

**O R D E R**

THIS CAUSE is before the Court on Defendants Jonathan Markovich and Daniel Markovich's Motion for Arrest of Judgment and/or for New Trial [DE-452] and the Court having considered the Government's January 6, 2022 Response [DE-456] and Defendants' January 20, 2022 Reply [DE-463], and being otherwise fully advised in the premises, finds as follows:

1.  On January 19, 2021, an Indictment was returned against Jonathan Markovich, Daniel Markovich and six (6) other co-defendants [DE-110].  Jonathan Markovich was charged with Conspiracy to Commit Health Care and Wire Fraud; eight (8) counts of Health Care Fraud; Conspiracy to Pay and Receive Kickbacks; Payment and Offer of Kickbacks in Exchange for Use of Services; Soliciting and Receiving Kickbacks; Conspiracy to Commit Money Laundering, eight (8) counts of Money Laundering, and two (2) counts of Bank Fraud.  Daniel Markovich was charged with Conspiracy to Commit Health Care and Wire Fraud; five (5) counts of Health Care Fraud; Conspiracy to Pay and Receive Kickbacks; and two (2) counts of Payment and Offer Kickbacks in Exchange for Services.  [DE-110].

1

2. The case proceeded to trial on September 13, 2021 [DE-299]. On November 4, 2021, after a twenty-two (22) day trial, Daniel Markovich was convicted of Conspiracy to Commit Health Care and Wire Fraud (Count One), two (2) counts of Health Care Fraud (Counts Five and Six), Conspiracy to Pay and Receive Kickbacks (Count Ten) and two (2) counts of Payment and Offer Kickbacks in Exchange for Use of Services (Counts Twelve and Sixteen) [DE-372]. The Court had directed a verdict of acquittal on three (3) counts of Health Care Fraud (Counts Two, Three, and Four) on October 26, 2021. [DE-360, p. 10]. Jonathan Markovich was convicted on all twenty-two (22) counts on November 4, 2021. [DE-373].

3. After the verdict, trial counsel indicated that a motion with regard to the verdict would be filed within the court time limits. [DE-404, p. 9]. On November 12, 2021, Defendant's filed a First Motion for Extension of Time to file Motion to Vacate Judgment or Grant a New Trial. [DE-417]. The motion cited Rule 33. On November 16, 2021, the Court granted the motion. [DE-430]. On December 3, 2021, Defendant filed a Joint Motion for Extension of Time to File a Motion to Vacate Judgment or Grant a New Trial. [DE-442]. The Court granted the motion on December 3, 2021. [DE-443].

4. On December 23, 2021, Defendants filed an unsworn Motion for Arrest of Judgment and/or for New Trial. [DE-452]. Again, defendants cited Rule 33, not Rule 34, which concerns arresting judgments where the court did not have jurisdiction of the charged offenses. Here, there is no allegation that the court lacked jurisdiction over the charged offenses or that the Indictment failed to charge an offense. *U.S. v. Whitted*, 454 F. 2d 642 (8th Cir. 1972). Complaints about the sufficiency of the evidence are not proper under Rule 34. *U.S. v. Guthrie*, 814 F. Supp. 942 (E.D. WA. 1993) *affirmed*, 17 F. 3d 397 (9th Cir. 1994), *cert. denied*, 115 S. Ct. 87 (1994). Moreover, the court never granted an extension of time to file a motion under Rule

34; the court lacks jurisdiction to do so now. *Marion v. U.S.*, 171 F. 2d 185 (9th Cir. 1948) *cert denied*, 69 S. Ct. 1500 (1949); *Rowletta v. U.S.*, 392 F. 2d 437 (10th Cir. 1968); *Massicot v. U.S.*, 254 F. 2d 58 (1958). The Court lacks the jurisdiction to enlarge the time now. *U.S. v. Reeves*, 293 F. Supp. 213 (D.C. D.C. 1968). So, even though the motion is partially based upon an arrest of judgment, the Court will proceed to rule on it only as a Motion to Vacate Judgment or Grant a New Trial under Rule 33. Motions for New Trial are highly disfavored and should be granted only with great caution. *U.S. v. Barton*, 909 F. 3d 1323, 1337 (11th Cir. 2018). Many of Defendants' complaints were arguments that the jury chose not to give any weight to.

 5. Defendant seek to vacate the judgment on the following grounds:

  A. Health Care Fraud Conspiracy – Count One

   (1) No testimony from seven (7) of the nine (9) insurance companies. As the jury was properly instructed, the Government did not have to prove that the conspirators succeeded in carrying out the plans. [DE-361, p. 103]. That testimony was not necessary to support a conviction. Daniel McCurdy from Florida Blue and Katherine Gallagher from Optum both testified.

   (2) Insurance companies did not testify that their companies had been fraudulently billed. There was direct and circumstantial evidence to that effect.

   (3) There was no testimony that either defendant participated in the false billing. There was direct and circumstantial evidence to that effect.

   (4) There was no nexus between the defendants and false

billings. There was direct and circumstantial evidence to that effect.

(5) There were unreliable witnesses whose testimony was not corroborated by independent evidence. The testimony was not unbelievable on its face. *U.S. v. Feliciano*, 761 F. 3d 1202, 1206 (11th Cir.) *cert. denied*, 574 U.S. 1037 (2014), *U.S. v. Garcia,* 405 F. 3d 1260, 1270 (11th Cir. 2005). The Court found the testimony to have been credible. The jury was properly instructed on the weight to give such testimony. [DE=349, pp./ 8-10].

(6) Witness testimony was incredible as a matter of law. The Court found the evidence to be credible. It has not been shown that testimony was scientifically impossible.

(7) Dr. Clark and Melissa Parks' testimonies were second-hand based on a sampling of records, and did not tie either defendant to a conspiracy. There was competent direct and circumstantial evidence to that effect; the Court stands by its trial rulings.

(8) The comfort drink was administered at the direction of a licensed doctor. The trial of that doctor is currently pending; the jury was aware of this possible defense and rejected it.

(9) Munach did not tie a defendant to altering notes. There was direct and circumstantial evidence to that effect.

(10) No evidence of fraudulent intent to change the charts. Circumstantial evidence of criminal intent is sufficient.

    *U.S. v. Suba*, 132 F. 3d 662, 672-73 (11th Cir. 1998)

    (11) No evidence that the defendants voluntarily joined a conspiracy. There was direct and circumstantial evidence to that effect.

  B. Substantive Health Care Fraud – Counts Two through Nine

    (1) No evidence Jonathan knew of billings. There was direct and circumstantial evidence to that effect

  C. Kickback Conspiracy – Count Ten

    (1) Inherently unbelievable testimony. The Court found the testimony to be credible.

    (2) No evidence connects payment to defendants. There was direct and circumstantial evidence to that effect

    (3) Transportation expenses were proper; no evidence Defendants believed advancing money was improper. There was direct and circumstantial evidence to that effect

  D. Substantive Kickback Charges

    (1) Counts 12, 16, 18

     (A) There is no evidence that Jonathan used a credit card and/or knew of flight payment. There was direct and circumstantial evidence to that effect

     (B) No evidence of criminal intent. Sufficient evidence was adduced. *U.S. v. Vernon*, 723 F. 3d 1234, 1268-69 (11th Cir. 2013).

  (2) Count 22

    (A) Could have been a loan payment. The jury was aware of that defense and rejected it.

    (B) No corroboration of Garnto. The Court found his testimony to have been credible.

 E. Money Laundering Charges

  (1) Count 24

    (A) No evidence of Jonathan's intent or concealment. There was direct and circumstantial evidence to that effect.

  (2) Counts 25-26

    (A) No evidence Jonathan believed deposit to be improper. There was direct and circumstantial evidence to that effect

    (B) No evidence of criminal intent. Sufficient evidence was adduced. *U.S. v. Vernon*, 723 F. 3d 1234, 1268-69 (11th Cir. 2013).

  (3) Counts 27-28, 30-33

    (A) No evidence of Jonathan's intent. Sufficient evidence was adduced. *U.S. v. Vernon*, 723 F. 3d 1234, 1268-69 (11th Cir. 2013).

    (B) Predicate health care fraud and kickback allegations are faulty. The jury rejected that defense.

 F. Bank Fraud

  (1) No bank witness said they were defrauded.  There was sufficient direct and circumstantial evidence to that effect.

  (2) No evidence of intent to defraud.  Sufficient evidence was adduced.  *U.S. v. Vernon*, 723 F. 3d 1234, 1268-69 (11th Cir. 2013).

  (3) Funds were properly used.  The jury was aware of that defense and rejected it.

 G. Multiple Conspiracies.  The jury was properly instructed

6. Defendants seeks a new trial on several grounds.  It appears that Dendants have complied a laundry list of perceived errors.  It would also appear that Defendants are asking the court to view evidence in a light most favorable to them.  Additionally, where no objection was made, any error was not preserved.  *U.S. v. Margarita Garcia,* 906 F. 3d 1255, 1269 (11th Cir. 2018) *cert. denied*, 139 S. Ct. 2027 (2019).

 A. Hearsay; the Court will rule consistently with its evidentiary ruling during trial. Co-conspirator statements were properly admitted; motions to strike were not denied because the evidence had not been tied up.

 B. Perceived flawed expert testimony from Dr. Kelly was admissible and admitted without objection

  (1) DE-324, p. 21

  (2) DE-324, p. 32

  (3) DE-324, p. 50

  (4) DE-324, p. 139

 C. Lack of Access to Patient Data; went to the weight the jury gave the evidence.

D. Improper Summary Witness: Melissa Parks. The Court will rule consistently with its trial rulings.

E. Perceived improper closing arguments; received without objection.

    (1) DE-368, p. 138

    (2) DE-361, p. 140

    (3) DE-363, p. 144-145

    (4) DE-363, p. 160

Moreover, there is no showing that substantial rights were prejudicially affected. *U.S. v. Serat,* 859 Fed Appx 501, 505 (11th Cir. 2021). Any error would have been harmless given the overwhelming evidence against defendants. *See, U.S. v. Jefferson,* 824 Fed Appx 634, 637 (11th Cir. 2020).

F. Perceived misconduct during Trial; occurred without objection

    (1) DE-360, p. 91

    (2) DE-275 limine order was not violated

    (3) DE-321, p. 52

    (4) DE-320, p. 181

    (5) DE-320, p. 102-103

    (6) DE-319, p. 210

G. Comfort Drinks; they were admissible evidence. Indeed, there was negative testimony about the effects of the drinks, including hallucinations. [DE-322, p. 90].

H. Perceived Civil and Regulatory Violations were relevant and received without objection

      (1)  DE-323, p. 234

      (2)  DE-323, p. 239

The jury was properly instructed [DE-349, p. 15];[DE-309, p. 120].

I.  Fake Charity; received without objection.  DE-361, p. 197

J.  SBA Witness had no first-hand knowledge; went to the weight the jury could give to the testimony.

K.  Cumulative; no error to accumulate.

L. Due Process concerns. Defendant's speculative fishing expedition did not warrant relief before trial and does not now.  The jury was made aware of the defense that some patients benefited from their experiences at defendants' facilities, but they rejected that defense. There is no showing that cumulative type evidence would have done anything other than slow down the trial and risk alienating the jury.

M.  *Brady* and *Giglio*.  The government satisfied its obligations; the defendants received a fair trial.  They were not entitled to a perfect trial; indeed, they wanted a speedy trial, separate from their other co-defendants.

N. Records relevant to a fair trial. Defendants speculate that insurance company records would have assisted them at trial.  Yet, the jury was properly instructed that Health Care Fraud can be accomplished through an attempt to execute a scheme to defraud [DE-349, p. 24] and that it need not be proved that the decision-maker actually relied on the statement [DE-349, p. 25].

    Wherefore, Defendants' Motion to Vacate Judgment or For a New Trial [DE-452] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of January, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record